THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. PEDRO MALAVÉ CRESPO, Defendant and Appellant.

No. 9789.  Argued February 3, 1943.—Decided February 12, 1943.

*Francisco González Fagundo* for appellant.  *R. A. Gómez, Prosecuting Attorney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Pedro Malavé Crespo was charged by the District Attorney of Humacao with having in his possession and owning a revolver on December 11, 1939, in the Municipality of San Lorenzo, without having registered the same with the Chief of Police of said municipality which is where he resides, in violation of §7 of Act No. 14, 1936 (Spec. Sess. Laws, p. 128).

The defendant pleaded not guilty and the case was tried on February 2, 1940. The district attorney introduced his evidence and defendant adduced his own, whereupon he was found guilty by the district court and sentenced to six months' imprisonment in jail.

Feeling aggrieved, he appealed. He alleges that the trial court erred in weighing the evidence.

█ Only four persons testified, two for The People, and two for the defendant. The witnesses for The People testified conclusively that the defendant was carrying a revolver with which he fired three shots at one of them. It was stipulated that the Chief of Police of San Lorenzo would have testified that the defendant had not registered any firearm in said town.

The witnesses for the defendant were the defendant himself and Doroteo González. The defendant admitted that he had held in his hands a revolver, which he took from the hand of his son, who had returned to his home wounded, at the time that they were about to be assaulted by several persons who approached them, that said revolver belonged to Doroteo González, who had asked him to keep it in his shop while he went to town. González corroborated defendant's testimony, as to having left the revolver in defendant's shop and added that said weapon was registered.

The appellant maintains that since there appeared only an accidental carrying of a registered revolver, the court should have acquitted him.

We do not agree. The court was not bound to believe and did not believe that the revolver of González was the same one which the defendant used to commit the assault, and its conclusion seems correct after an examination of the testimony.

█ The only question left for our consideration is whether in affirming the judgment we should reduce the penalty. This case is similar to *People* v. *Otero,* decided in

November, wherein the court, speaking through Mr. Justice Travieso, stated and held the following:

"Section 10 of Act No. 14 of 1936 provided that the violation of its provisions would be punished by imprisonment for not less than six -months nor more than two years. The accused in this case was sentenced to six months in jail, which was -the minimum penalty that the judge of the lower court could impose upon him according to the provisions of the law in force at the time of the judgment, that is, on March 13, 1941.

"Subsequent to the date of the judgment appealed from, §10 of Act No. 14 of 1936 was amended by Act No. 78 of May 5, 1942 (Laws of 1942, p. 614), in the sense that the first breach will be

"It can not be doubted that the penalty of six month's, imprisonment for not less than one month nor more than six months or both, at the discretion of the court. The minimum penalty under the Act of 1936 has been converted into the maximum penalty under the amendatory Act of 1942.

"We are asked to modify the judgment appealed from in the exercise of our discretion so as to give appellant the benefit of the amendment and so as to impose upon him the minimum penalty authorized by the law now in force. The *Fiscal* does not object.

"It can not be doubted that the penalty of six months' imprisonment for the breach which is imputed to the accused is authorized by the original statute and by the 1942 amendment. However, taking into consideration that the judge of the lower court could have sentenced the accused to jail for a period of two years, but that he imposed upon him only the minimum penalty provided by the statute then in force; and likewise taking into consideration that the Legislature, undoubtedly believing that the minimum penalty of six months imprisonment fixed by the Act of 1936 was excessive, reduced it to one month, we are of the opinion that under the circumstances of this case we are justified in giving the accused the benefit of the amendatory statute.

"For the reasons stated the judgment should be modified in the sense of reducing to one month the term of imprisonment which the appellant must serve; and as thus modified, the judgment will be affirmed." · *People* v. *Otero*, 61 P.R.R. 33, 34.

In view of the attendant circumstances we reach the same conclusion herein.